[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dennis M. Killeen, a member of the New Britain Police Department for a period of 19 years, had taken and passed an examination for a promotion to the position of Lieutenant. Plaintiff, Killeen, was one of four individuals certified by the New Britain Civil Service Commission on April 3, 1992, as eligible for promotion to fill two vacancies within the New Britain Police Department for the position of Lieutenant and the names were placed on Employment List P-1063. Defendant, New Britain Board of Police Commissioners, subsequently made two appointments to fill vacancies in the ranks of Police Lieutenants with the persons ranking first and second, respectively, on said Employment List (P-1063).
Employment List P-1063 was generated on April 3, 1991, and was due to expire on April 3, 1992. On March 14, 1992, there was one vacancy remaining for the position of Lieutenant, and there were two candidates (one was the plaintiff Killeen) submitted for appointment from Employment List P-1063. Plaintiff Killeen did not receive the appointment.
Plaintiffs now seek a writ of mandamus from this court ordering the defendant Board of Police Commissioners to appoint Killeen to the position of Lieutenant, effective March 14, 1992, together with back wages, seniority and other benefits.
Plaintiff, Killeen, contends that on March 14, 1992 he was next in order of ranking on the certified Employment List P-1063 to receive appointment to the vacant Lieutenant's position within the New Britain Police Department and that the defendant Board of Police Commissioners violated the parties' collective bargaining agreement in appointing the defendant Randall J. Blair to that position on March 14, 1992, instead of him.
The plaintiff presented to the court a claim that the interview of the candidates of the Board of Commissioners, in the executive session, just prior to their making the appointment, was contrary to settled merit system principles. The plaintiff presented this claim, it seems to the court, as the centerpiece of the plaintiff's case. In any event, this court is not persuaded. The plaintiff has confused the separate parts of the process and fails to distinguish between the examination or testing portion as opposed to the appointment portion of the whole process. Unquestionably, there is no showing by the plaintiff nor is there even a claim that the examination or the testing part of the process was anything but in accord with CT Page 9317 settled merit system principles. As respects the portion of the appointment process, in particular, the interview before the Board of Police Commissioners, this court finds, it was fair and, again, absolutely untainted and in no manner contrary to any applicable merit system principle asserted by the plaintiff.
Having made that judgment, the court need only decide the issue of the requirement of 4.4 of the parties collective bargaining agreement as it pertains to the filling of the vacancy by the person having "the highest passing mark on the examination." This court will find that 7-474(g) of the Connecticut General Statutes and D'Agostino v. City of New Britain, et al, 7 Conn. App. dictates that the collective bargaining agreement between the parties does not include any such obligation to appoint the highest passing mark on the examination.
Defendants maintain that the conduct and grading of merit examinations, the rating of candidates and the establishment of lists from such examinations and appointments from such lists are excluded from the collective bargaining process by 474(g) of the Connecticut General Statutes and that plaintiff's reliance upon the collective bargaining agreement (4.4) as a basis for the issuance of a writ of mandamus in the instant case is therefore misplaced.
Defendants further contend that the decision of the defendant Board of Commissioners to appoint the defendant Randall J. Blair to the Lieutenant vacancy within the New Britain Police Department effective March 14, 1992, instead of the plaintiff Killeen was consistent with the City Charter and Rule IV D of the Rules of the Civil Service Commission of the City of New Britain, otherwise known as the Rule of Three.
Plaintiffs seek a writ of mandamus from this court ordering the defendant Board of Commissioners of the City of New Britain to appoint the plaintiff Killeen to the position of Lieutenant, retroactive to March 14, 1992, together with back wages, seniority and other benefits.
A writ of mandamus is a method by which a party may enforce a clear legal right. Mandamus is an extraordinary remedy, available in limited circumstances for limited purposes. Golab v. New Britain, 205 Conn. 17, 19 (1987); Beccia v. Waterbury,185 Conn. 445, 453 (1981). The writ is proper only when "(1) the law imposes on the party against whom the writ would CT Page 9318 run a duty the performance of which is mandatory and not discretionary; (2) the party applying for the writ has a clear legal right to have the duty performed; and (3) there is no other specific adequate remedy." Golab v. New Britain, supra, at 20; Bahramian v. Papandrea, 184 Conn. 1, 3 (1981).
Plaintiffs argue that Killeen has a clear legal right to appointment to the position of Police Lieutenant by virtue of his ranking on the certified Employment List (P-1063). Plaintiffs maintain that Killeen was next in order of ranking on the certified Employment List (P-1063) when a third Lieutenancy vacancy occurred within the New Britain Police Department in March of 1992, and that the defendant Board of Police Commissioners' decision to appoint the defendant Randall J. Blair, the individual next in order of ranking on the certified Employment List (P-1063), instead of the plaintiff, Killeen, violated 4.4 of the parties' collective bargaining agreement. Section 4.4 of the parties' collective bargaining agreement provides as follows:
 When a vacancy or new position exists in the Department and the City decides to fill such vacancy, the employee in the Department with the highest passing mark on the examination given for the purpose of filling the vacancy of new position shall be given the first opportunity to fill the vacancy. If the vacancy can not be filled by anyone within the Department, the vacancy or new position may be filled by an open-competitive examination for the position.
Defendants maintain that plaintiffs' reliance upon the "Rule of One" enunciated in 4.4 of the parties' collective bargaining agreement in support of their petition for a writ of mandamus in the instant case is of no legal effect in light of the court's ruling in D'Agostino v. City of New Britain, et al,7 Conn. App. 105 (1986), cert. denied, 200 Conn. 806 (1986), and its subsequent interpretations. This court agrees.
In D'Agostino, the State Appellate Court essentially voided contract provisions similar to 4.4 on grounds that the issue of appointment from test lists in Civil Service systems was excluded from the collective bargaining process by operation of 7-474(g) of the Connecticut General Statutes. CT Page 9319
Section 7-474(g) of the Connecticut General Statutes provides in relevant part that ". . . the establishment of lists from such examinations and the initial[1] appointments from such lists . . . shall not be subject to collective bargaining."
In D'Agostino, three New Britain fire fighters brought a mandamus action against the City seeking to force it to appoint them as Fire Lieutenants off of a certified employment list. Article 4.4C of the fire fighters' contract at that time said substantially the same thing as 4.4 of the police contract regarding the necessity of appointing the candidates who rank highest on the certified employment list. Before the trial court, the City raised as its defense, a claim that the fire fighters' complainants first had to exhaust their administrative remedies by way of a grievance of Article 4.4C of the fire fighters' collective bargaining agreement. Both the trial court and later the State Appellate Court denied the City's defense on grounds that since 7-474(g) of the Connecticut General Statutes removed the issue of appointment from certified employment lists from the process of collective bargaining that Article 4.4C of the fire fighters' contract could not be grieved and was essentially void. Justice Bieluch, writing for the Appellate Court majority, stated that:
 "This case squarely presents a dispute involving a promotional appointment from such a merit list. Consequently, collective bargaining, and the grievance procedures imposed thereby, cannot apply here. While it is clear that employees must ordinarily exhaust their grievance procedures prior to resorting to our courts; McNish v. American Brass Co., 139 Conn. 44, 53 89 A.2d 566
(1952), cert. denied, 344 U.S. 913, 73 S.Ct. 336, 97 L.Ed. 704 (1953); where the subject of the dispute is not within the scope of the collective bargaining agreement, grievance procedures established by collective bargaining agreements do not apply . . . Since 7-474(g) expressly precludes the dispute here from being governed by collective bargaining, the grievance procedure cannot apply."
The above discussion of the application of the D'Agostino CT Page 9320 decision and its impact upon the collective bargaining process is taken from Defendant's Exhibit 2, (in this case) Report Upon investigation Recommendation For Dismissal, dated June 11, 1987, to illustrate the similarity between the facts of the instant case and a related decision of the Connecticut State Board of Labor Relations also involving the City of New Britain and plaintiff Killeen's bargaining unit; Local 1165, Council 15, AFSCME, AFL-CIO, Case No. MPP-10,052 concerning the alleged conflict between the parties' collective bargaining agreement (4.4) and 7-474(g) of the Connecticut General Statutes. At that time, Local 1165 argued that the City of New Britain had repudiated 4.4 of the collective bargaining agreement then in existence between the parties when, on or about June 25, 1986, it notified the Union that it could no longer honor said provision as a result of the court's decision in D'Agostino v. City of New Britain, et al, supra, which held that the issue of appointments from test lists in Civil Service systems was excluded from collective bargaining by operation of 7-474(g) of the Connecticut General Statutes. (See Defendants' Exhibit 6.)
In recommending dismissal of the police Union's complaint in the above matter, the Connecticut State Board of Labor Relations stated:
 Since Article 4.4 of the police contract attempts to require appointment of the promotional candidates with the highest mark while Rule IV of the Civil Service Commission regulations gives the appointing authority great discretion there is a conflict in which the Act (Municipal Employee Relations Act) mandates that the contract give way. (See Defendants' Exhibit 2.)
The significance of the court's decision in D'Agostino v. City of New Britain, et al, supra, and the Connecticut State Labor Board's Recommendation for Dismissal in Case No. MPP-10,052 (Defendants' Exhibit 2) is that appointments from Civil Service employment lists are now subject only to the provisions of the City Charter and Rules of the Civil Service Commission, and contractual language in the nature of 4.4 of the parties' collective bargaining agreement here is rendered unenforceable.
Defendants acknowledge, however, that once the procedures for the promotional process have been established by the CT Page 9321 municipality, any changes in the promotional appointment process concerning (1) the necessary qualifications for taking a promotional exam, (2) the relative weights to be assigned to each method of examination, and (3) the use of monitors during said examination process remain subject to collective bargaining pursuant to Public Act 82-212, Section 1. (See Note 1.) These aspects of 7-474(g) are not, however, in dispute in the instant case.
In its present form, Rule IV D of the Rules of Civil Service Commission provides as follows:
RULE IV METHOD OF FILLING VACANCIES
 D. Certification of Eligible. In the filling of a vacancy from an open competitive certified employment list, the names certified to the appointing authority shall be those of the three (3) persons standing highest on the certified employment list. If there is more than one vacancy, the Civil Service Commission will certify two names more than the number of existing vacancies. For this purpose a complete certified employment list is one with three or more names. If there is no complete certified employment list, then a list of no less than two (2) names shall be certified.
 In filling of a vacancy from a promotional certified employment list, the departmental rule shall apply. "Departmental Rule" is defined as the rule whereby those employees who are on the promotional list and who are currently employees within the department in which the vacancy exists are given first preference in certification, by rank, in accordance with the Rule of Three. If no individuals from the department in which the vacancy exists are on the eligible lists, the vacancy shall be filled from individuals on the list from other City departments, by rank, in accordance with the Rule of Three. If no promotional list exists, the vacancy shall be filled from an CT Page 9322 open-competitive certified employment list, by rank, in accordance with the Rule of Three.
 In the case of both open competitive and promotional certified employment lists, the appointing authority shall appoint from the names certified no later than thirty (30) days after said list has been forwarded from the Civil Service Office, unless such time is extended by the Civil Service Commission.
In the instant case, the plaintiffs can not rely on the parties' contract (the collective bargaining agreement) because the examination and the subsequent appointment they challenge are not covered by it. Since the examination and the subsequent appointment plaintiffs challenge are not covered by the parties' collective bargaining agreement, plaintiffs can not avail themselves of 4.4 of said agreement as a basis for their claim that a writ of mandamus should issue in the instant case to appoint the plaintiff Killeen to the position of Lieutenant.
The promotional appointment process is governed by City Charter and the Rules of the Civil Service Commission of the City of New Britain. Rule IV D of the Rules of the Civil Service Commission (cited above) and 363 and 371 of Chapter 3 of the City Charter concerning promotional examinations and certification adequately supports Defendants' claim that the plaintiff Killeen does not have a clear legal right to appointment as a Police Lieutenant solely by virtue of his ranking on the certified Employment List P-1063.
Counsel for the plaintiff Killeen argued at trial that the Rule of Three was inapplicable to Killeen in the instant case as a promotional candidate insofar as 371 of the City Charter limits application of the Rule of Three to open-competitive examinations.
Section 363(b) of the City Charter concerning promotional examination and the testimony of the City's Personnel Director, John R. Byrne, at trial persuades this court that there is nothing in the City Charter to preclude application of the Rule of Three to promotional examinations and that for purposes of consistency and uniformity in the Civil Service appointment process 363(b) and 371 of the City Charter must be CT Page 9323 read with Rule IV D of the Rules of the Civil Service Commission of the City of New Britain as giving the appointing authority the discretion to appoint any one of the top three (3) or the top two (2) highest names on its certified employment lists at any given time for both open-competitive and promotional examinations. (Emphasis added.)
Finally, defendants offer the further testimony of the City's Personnel Director, John R. Byrne, in support of defendants contention that a writ of mandamus should not issue in the instant case:
1. That the plaintiff Killeen was aware of the application of the Rule of Three to the promotional appointment process through information disseminated to all candidates who participated in the P-1063 Police Lieutenant examination;
2. That the Rule of Three has City-wide application in all open-competitive and promotional examinations;
3. That plaintiff Killeen's collective bargaining unit, Local 1165, was advised by letter in 1986 (see Defendants' Exhibit 6) as to the illegality of 4.4 of the Police Union's collective bargaining agreement in light of the State Appellate Court's ruling in D'Agostino v. City of New Britain, et al;
4. That the discretion afforded to the defendant Board of Police Commissioners and the Civil Service Commission of the City of New Britain by application of the "Rule of Three" is essential to ensure the appointment of the most qualified applicant to a classified Civil Service position in the City of New Britain;
5. That 4.4 of the collective bargaining agreement is inoperable and non-binding as a consequence of the Appellate Court's decision in D'Agostino and that it was only through administrative oversight that 4.4 of said agreement appeared in the plaintiff Killeen's collective bargaining agreement for the period July 1, 1990-June 30, 1993 (Plaintiffs' Exhibit 4) and that said provision would be deleted from the Police Union's next contract effective July 1, 1993.
This court accepts and credits all of this further testimony of the City's Personnel Director. CT Page 9324
The plaintiffs have failed to prove (1) that the defendants had a duty to perform which was mandatory, and (2) that the plaintiff Killeen had a clear legal right to be appointed to the position of Police Lieutenant.
Plaintiffs' petition for a writ of mandamus in the instant case is denied. Judgment may enter for the defendant.
LEONARD W. DORSEY STATE TRIAL REFEREE